# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0765V
UNPUBLISHED

| | |
|---|---|
| JOANIE ARSENEAULT,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 12, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Daniel Mark Soloway*, Soloway Law Firm, Pensacola, FL, for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On June 24, 2020, Joanie Arseneault filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury as a result of an influenza ("flu") vaccine that was administered to her on September 19, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 27, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 10, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded (a) a lump sum payment of $255,316.69 (representing compensation for life care expenses expected to be incurred during the first year after judgment ($11,455.69), lost earnings ($73,861.00), and pain and suffering ($170,000.00); and (b) an amount sufficient to purchase an annuity

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

contract pursuant to the terms set forth in the Proffer. Proffer at 2-4. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

**A. a lump sum payment of $255,316.69 (representing compensation for life care expenses expected to be incurred during the first year after judgment ($11,455.69), lost earnings ($73,861.00), and pain and suffering ($170,000.00) in the form of a check payable to Petitioner.**

**B. An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer, that will provide payments for the life care items contained in the life care plan, paid to the life insurance company from which the annuity will be purchased.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOANIE ARSENEAULT,<br><br>                  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                  Respondent. | No. 20-765V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 24, 2020, Joanie Arseneault ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a left shoulder injury as a result of an influenza ("flu") vaccine she received on September 19, 2018. Petition at 1. On June 24, 2022, respondent filed his Rule 4(c) report conceding that petitioner is entitled to compensation in this case. ECF No. 57 at 1. Accordingly, on June 27, 2022, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for SIRVA following the flu vaccine she received on September 19, 2018. ECF No. 58.

### I.    Items of Compensation

    A.    Life Care Items

Respondent engaged Linda Curtis RN, MS, CCM, CNLCP, to provide an estimation of petitioner's future vaccine injury-related needs. For the purposes of this proffer, the term "vaccine injury" is as described in respondent's June 24, 2022, Rule 4(c) report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Joanie Arseneault, attached hereto as

Tab A.  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

  B. <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Joanie Arseneault has suffered past loss of earnings and will suffer future loss of earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Joanie Arseneault's past and future lost earnings is $73,861.00.  Petitioner agrees.

  C. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $170,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

**II.** **<u>Form of the Award</u>**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $255,316.69, representing compensation for life care expenses expected to be incurred during the first year after judgment ($11,455.69), lost earnings

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

($73,861.00), and pain and suffering ($170,000.00), in the form of a check payable to petitioner, Joanie Arseneault.

B. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Joanie Arsenault, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

  b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

  c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

  d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Joanie Arseneault, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Joanie Arseneault's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.** **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Joanie Arseneault:    **$255,316.69**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

4

                      ALEXIS B. BABCOCK
                      Assistant Director
                      Torts Branch, Civil Division

/s/*Christine M. Becer*
CHRISTINE M. BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-3665
Christine.m.becer@usdoj.gov

Dated: May 10, 2023