# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0765V

| | |
|---|---|
| JOANIE ARSENEAULT,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: October 11, 2023 |

*Daniel Mark Soloway*, Soloway Law Firm, Pensacola, FL, for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On June 24, 2020, Joanie Arseneault filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury as a result of an influenza vaccine that was administered to her on September 19, 2018. Petition at 1. On May 12, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 65.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $98,572.74 (representing $90,828.95 for attorney's fees and $7,743.79 for costs).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner's Application for Attorney's Fees and Costs ("Motion") filed June 28, 2023, ECF No. 68. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out of pocket expenses. ECF No. 72 at 5.

Respondent reacted to the motion on July 26, 2023, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 69. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner requests the hourly rate of $484 for work performed by attorney Daniel Soloway in the 2018-22 timeframe. ECF No. 68-3. Petitioner also requests the hourly rate of $394 for all work performed by attorney Daniel Finelli in the 2021-23 timeframe. ECF No. 68-4. These rates require adjustment.

Mr. Soloway has been a licensed attorney since 1985, (ECF No. 68-1), placing him in the rage of attorneys with over 31 years' experience based on the OSM Attorneys' Forum Hourly Rate Fee Schedules.[3] Under the applicable Fee Schedules, attorneys in the range of 31+ years' of experience are entitled to hourly rates between $407 - $464 for work performed in 2018 through 2019. Mr. Soloway's requested rate of $484 therefore exceeds the Schedule's range for comparably-experienced attorneys. Furthermore, Mr. Soloway's last hourly rate was established based upon a case decided in 2017, at which time he was awarded $350 per hour for that year. *See Pinckard* v. *Sec'y of Health & Human. Servs.,* No. 16-0333V, slip. op., at *8 (Fed. Cl. Spec. Mstr. Jul. 5, 2017).

Even allowing for increases each year since, the flat rate requested herein is excessively high. And hourly rates on the highest end of the experience ranges are usually awarded only to those attorneys with significant experience in the Vaccine Program. See *McCulloch v. Sec'y of Health and Human. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Accordingly, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I find it reasonable to compensate Mr. Soloway at the *lesser* rate of $433 per hour for his time billed in the 2018-22 timeframe**. This reduces the amount of fees to be awarded herein by **$5,528.40**.[4]

Mr. Finelli's requested rate of $394 for his work performed in the 2021-22 timeframe is similarly excessive. Mr. Finelli has been a licensed attorney since 2012, (ECF No. 68-2), placing him in the range of attorneys with 8-10 years' experience based on the OSM Attorneys' Fee Schedules. Based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large,  See *McCulloch*, 2015 WL 5634323 at *17, **I find**

---

[3] The Attorneys' Fee Schedule are available at http://www.cofc.uscourts.gov/node/2914.

[4] This amount consists of $484 - $433 = $51 x 108.40 = $5,528.40

3

**it reasonable to compensate Mr. Finelli at the *lesser* rate of $300 for all time billed in the 2021-22 period**. Accordingly, this further reduces the amount of fees to be awarded herein by **$8,845.40**.[5] Mr. Soloway and Mr. Finelli, however, are both entitled to rate increases in the future (for coming years).

### B. Paralegal Tasks Billed at Attorney Rates

In addition to the aforementioned hourly rate reductions, there are several instances in which tasks that are considered paralegal in nature were billed at attorney hourly rates in this matter. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Upon review of the billing records, Attorney Soloway billed 6.20 hours on tasks considered paralegal in nature, with several entries being significantly vague as well.[6] Several of these entries do not clearly specify which medical providers were being served with request for records, making it difficult to determine whether such efforts were duplicative or otherwise unnecessary. See ECF No. 68-3 at 4-9. An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. See *Bell v. Sec'y of Health & Human. Servs.*, 18 Cl.Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human. Servs.*, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009).

---

[5] This amount consists of $394 - $300 = $94 x 94.10 = $8,845.40

[6] Examples of such billing entries are as follows: 6.20 hours billed by David Soloway at the hourly rate of $484 on: 3/19/19; 5/1/19; 9/5/19 (four entries): "Med Recds & Billing Request – Doctor," totaling 0.60 hours; 10/14/19; 10/15/19 (two entries): "Med Recds Request – Hospital," totaling 0.30 hours; 4/15/20; 6/3/20; 7/15/20 (two entries): "Med Recds & Billing Request – Doctor," totaling 0.40 hours; 8/17/20 (four entries): "Fax Cover Sheet – Medical Provider" totaling 0.40 hours; 11/6/20; 12/10/20 (three entries); 12/14/20 (two entries); 12/15/20, totaling 0.80 hours; 7/2/21 (three entries); 7/13/21; 7/14/21; 8/10/21; 11/18/21; 12/10/21 (two entries), totaling 2.10 hours; 12/20/21; 1/11/22 (two entries); 3/16/22 (four entries); totaling 0.70 hours; 4/6/22 (two entries); 4/11/22 (three entries); 5/13/22; 3/8/23 (three entries), totaling 0.90 hours. *See* ECF No. 68-3 at 4-9.

Attorney Finelli also billed time (22.50 hours) to completing several tasks considered paralegal in nature.[7] See ECF No. 68-4 at 2-8. Counsel is admonished that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries are reimbursable, they must be charged at a reduced rate comparable to that of a paralegal. **Accordingly, I reduce both Mr. Soloway's and Mr. Finelli's hourly rate for all tasks considered paralegal in nature to a rate of $145 per hour, respectively**. This further reduces the fees to be awarded herein by **$7,704.30**.[8]

## ATTORNEY COSTS

Petitioner requests $7,743.79 in overall costs. ECF No. 68-6. Such costs are associated with obtaining medical records, postage, copies, expert fees, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $2,028.98 in costs that are not reimbursable in the Vaccine Program.[9]

In the Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Human. Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). As such, the cost incurred for obtaining a "Cert. of Good Standing, FL Bar" is not reimbursable. Additionally, special masters have concluded that, "[a]s a general matter, 'interest cannot be recovered in a suit against the [g]overnment in the absence of an

---

[7] Examples of such billing entries are as follows: 22.50 hours billed by Daniel Finelli at the hourly rate of $394 on: 7/14/21: "Prep new req to Walgreens for vaccine," totaling 0.60 hours; 8/11/21: "Letter to Walgreens RE vacc records," totaling 0.60 hours; 1/11/22: "Prep Notice of filing & update Exh list," totaling 1.30 hours; 4/4/22 (four entries): "Notice of filing exibit copy 25, Prep Petitioner's Exhibit List, Update Exh list, Pagination, organization & notices of filing – Exhs 25-32," totaling 9.00 hours; 4/11/22 (four entries); 4/15/22; 5/2/22 totaling 6.80 hours; 5/2/22; 5/16/22 (two entries); 11/28/22 totaling 4.20 hours. *See* ECF No. 68-4 at 2-8.

[8] This amount is calculated as follows: ($484 - $145 = $339 x 6.20 hrs = $2,101.80) + ($394 - $145 = $249 x 22.50 hrs = $5,602.50).

[9] Examples of the non-reimbursable costs include: "Interest charged in the amount of $2,014.98"; and "Cert. of Good Standing, FL Bar in the amount of $14.00." See ECF No. 68-6 at 2.

5

express waiver of sovereign immunity from an award of interest.'" *Raymo v. Sec'y of Health & Human. Servs.,* 129 Fed. Cl. 691, at 706 (2016), citing *Preseault* v. *U.S.*, 52 Fed. Cl. 667 (2002); Response at 3. Thus, the Vaccine Act "does not provide for an award related to interest accumulated on those fees and costs." *Raymo*, at 706; Response at 3, n.1. Accordingly, I hereby reduce the requests costs by **$2,028.98**, since that sum reflects Petitioner's interest calculation.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$74,465.66 (representing $68,750.85 in attorney's fees and $5,714.81 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Daniel M. Soloway.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.